Patricio P. HERNANDEZ,
Plaintiff–Appellant,

v.

CITY OF LOS ANGELES,
Defendant–Appellee.

No. 99–56453.

D.C. No. CV–98–00675–WMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided May 15, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and WINMILL,** Chief District Judge.

## MEMORANDUM *

Patricio Hernandez sued the City of Los Angeles under Title VII and 42 U.S.C. § 1981 for failing to promote him to Captain of the LAPD. He alleges that the City discriminated against him on the basis of his national origin and in retaliation for his criticisms related to equal employment opportunity matters. He timely appeals the district court's grant of summary judgment and judgment on the pleadings in favor of the City.

■ The district court did not err in granting summary judgment. Although Hernandez may have presented a prima facie case of discrimination, the City responded with a legitimate, nondiscriminatory reason for its employment decision, shifting the burden to Hernandez to demonstrate that the proffered reason was pretextual. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir.1998). Hernandez failed to do so because his evidence on both claims consisted of criticisms of the process by which the LAPD selected its captains and his conclusion that he was better qualified in some areas than the officers promoted to captain. The circumstantial evidence proffered by Hernandez is not sufficient to survive summary judgment because it is not specific and significantly probative. *See Schuler v. Chronicle Broad. Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986). The district court did not err in granting the City's motion for summary judgment.

■ Summary judgment was also proper on Hernandez's retaliation claim. Even assuming that his criticism of the LAPD's employment actions was a protected activity, he failed to proffer evidence of a causal link between his criticism and his failure to be promoted. *See Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1354 (9th Cir.1984). No rational jury could conclude from the proffered evidence that the City actually engaged in discrimination or retaliation.

We need not address the § 1981 claim separately because the evidence Hernandez could offer to support that claim is the same as that supporting his Title VII claim. We affirm the grant of judgment in favor of the City because Hernandez failed to proffer sufficient evidence as required under both Title VII and § 1981. *See Judie v. Hamilton*, 872 F.2d 919, 922 (9th Cir.1989) (noting that the standards for proving a claim under Title VII and § 1981 are the same).

AFFIRMED.

---

** Honorable B. Lynn Winmill, Chief Judge, United States District Court for the District of Idaho, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.